Irina VERESHCHAGINA, Petitioner,

v.

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

No. 03–41075–ag.

United States Court of Appeals, Second Circuit.

Oct. 19, 2006.

Visuvanathan Rudrakumaran, New York, New York, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the December 6, 2002 due date specified in the scheduling order issued on October 30, 2002, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Irina Vereshchagina, native and citizen of Armenia, seeks review of a November 14, 2003 order of the BIA affirming the May 14, 2002 decision of Immigration Judge ("IJ") Miriam K. Mills denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Irina Vereshchagina,* No. A 95 148 440 (B.I.A. Nov. 14, 2003), *aff'g* No. A95 148 440 (Immig. Ct. N.Y. City May 14, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA both supplements and modifies the IJ's decision, we review the IJ's decision as supplemented and modified. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005) (when the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA); *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005) (when the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA).

The BIA determined that the IJ's adverse credibility finding was unsustainable. Accordingly, the BIA credited petitioner's testimony. However, without explanation, the BIA gave no weight to that portion of petitioner's testimony specifically supporting her claim that the incidents of persecution she suffered were "on account of" her nationality and gender. 8 U.S.C. § 1101(a)(42). At the same time, the BIA relied exclusively on the Department of State's 2001 Country Reports on Human Rights Practices for Armenia to find that petitioner had not carried her burden of proof on this element.

In *Tian–Yong Chen v. INS,* 359 F.3d 121 (2d Cir.2004), we cautioned that "where a [country] report suggests that, *in general,* an individual in the applicant's circumstances would not suffer or reasonably fear persecution in a particular country, the immigration court may consider that evidence, but it is obligated to consider also any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence." *Id.* at 130 (emphasis in original). The BIA's exclusive reliance on the country report, in combination with its failure to afford any weight to the very testimony it credited, runs afoul of our decision in *Chen,* and requires remand.

We note that "the immigration court on remand will be obligated to consider whether the *particular circumstances* asserted by [petitioner] establish eligibility for asylum or withholding of deportation [or CAT relief]. We believe that, in considering those questions, the immigration court should be careful not to place excessive reliance on published reports of the Department of State such as the one received into evidence in the instant case." *Id.* (emphasis in original).

Accordingly, Vereshchagina's petition for review is GRANTED, the order of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.